IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. R. MICHAEL NELSON, | ) ) ) | |
| Plaintiff, | ) ) | 4:04CV3139 |
| vs. | ) ) | ORDER |
| BIOLINK PARTNERS, a Foreign corporation, and ALEX BONNER, | ) ) ) | |
| Defendants. | ) | |

    This matter is before the court on plaintiff's motion for leave to file an amended complaint (Filing 58). Defendants contend in their response that the motion was filed in bad faith, that the proposed amendments are untimely and would be unfairly prejudicial, and that the amendments are futile. Having carefully considered the parties' submissions (Filings 55, 56, 58, 59, 60, 63, and 64), I find that the defendants' objections and accusations are without merit and that the motion should be granted.

    Plaintiff seeks judgment against the defendants pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729(a)(1) and (a)(2). Under § 3729(a)(1), persons may be liable for knowingly presenting or causing to be presented false claims for payment from the United States government. Under § 3729(a)(2), persons may be liable for knowingly making, or causing to be made, false records or statements in order to receive payment from the Government. *See, e.g., Palladino v. VNA of Southern New Jersey, Inc.*, 68 F. Supp. 2d 455, 462 (D.N.J. 1999).

> Because claims under the FCA are claims of fraud, the pleading rules are somewhat more specific: plaintiffs must allege those claims with particularity. Fed. R. Civ. P. 9(b). *See also United States ex rel LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.,* 149 F.3d 227, 234 (3d Cir. 1998). Particularity includes "specifying the time, place, and substance of the defendant's alleged conduct." *Id.* (citing *Cooper v. Blue Cross & Blue Shield of Florida* 19 F.3d 562, 567 (11th Cir.1994)). *See also In re Stac Electronics Sec. Litig.,* 89 F.3d 1399, 1404 (9th Cir.1996); *Mruz v. Caring, Inc.,* 991 F. Supp. 701, 719 n.26 (D.N.J. 1998) (quoting *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1020 (7th Cir. 1992)).

*Id*. (footnote omitted).

Under Fed. R. Civ. P. 15(a), leave to amend a pleading "should be freely given when justice so provides." While the grant of leave to amend should not be automatic, "it should be granted absent a showing of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" *Palladino v. VNA*, 68 F. Supp. 2d at 476 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the proposed amendments tend to allow the plaintiff to allege fraud with particularity, and moving counsel has satisfactorily explained why this motion was not filed before the June 2005 deadline. Should the filing of an amended pleading disrupt the schedule set out in the current progression order, the parties may propose a new schedule or seek to extend particular deadlines, as necessary.

**IT IS ORDERED:**

1. Plaintiff's motion for leave to file an amended complaint (Filing 58) is granted.

2. Plaintiff shall file and serve the amended pleading no later than **October 6, 2005**, and defendant shall respond within the time allowed under Fed. R. Civ. P. 15(a).

**DATED September 28, 2005.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**