IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel., R. MICHAEL NELSON, | )<br>)<br>) | |
| Plaintiff | )<br>) | CASE NO.4:04-CV-3139 |
| v. | )<br>) | |
| BIOLINK PARTNERS, a Foreign<br>Corporation, and ALEX BONNER, | )<br>)<br>) | PROTECTIVE ORDER |
| Defendants. | ) | |

THIS MATTER came on for consideration pursuant to the Joint Motion and Stipulation for Entry of Protective Order made by the parties pursuant to Defendants' Seconded Amended Notice of Deposition and Subpoena Duces Tecum filed on November 15, 2005.  The Court being fully apprised in the premises finds that the documents requested in Defendants' 5th Request for Production of Documents and Final Patent Application (US No. 09/602,815) should be provided to Defendants subject to a Protective Order.

**IT IS HEREBY ORDERED** as follows:

1. Any color copies of any photographs that accompanied any of Plaintiff's patent disclosures, or applications to the federal government, which patents Plaintiff alleges are at issue in this case, and any color photographs depicting in detail the "PCR Turbojet" or any device constructed by the Plaintiff at any time consisting of thermocycler technology or other technology that Plaintiff is alleging is at issue in this lawsuit and Final Patent Application (US No. 09/602,815) will be produced by Plaintiff in response to Defendants' discovery requests to Plaintiff, and any copies thereof shall be utilized solely in connection with discovery, pretrial proceedings, preparation for trial, trial, appeal and/or settlement, and for no other purpose, and shall not be disseminated, published, shown or otherwise disclosed to any person or entity except as provided herein.

2. Access to the records described above shall be limited to attorneys of record and their staff, the parties to this case, the Court, the Court staff, court reporters in connection with this action, and independent experts or consultants employed to assist any attorneys of record in the course of trial or pretrial preparation.

3. Before counsel discloses the records to any designated expert or consultant or to the individual Plaintiff, such expert or consultant and the individual Plaintiff must first execute the following agreement:

### AGREEMENT OF CONFIDENTIALITY

I hereby certify that I have read the Protective Order in the action now pending in the United States District Court for the District of Nebraska, entitled "United States of America, ex rel., R. Michael Nelson v. Biolink Partners, a Foreign Corporation, and Alex Bonner", Case No. 4:04 CV-3139, and am fully familiar with its terms. I understand that in the course of my activities in connection with that Action I may have occasion to examine, inspect, or be exposed to confidential records. I, therefore, agree to be bound by and comply with all of the terms and prohibitions of the Order and not to do any act or thing in violation of the Order.

4. All persons to whom the records are disclosed pursuant to this Order shall:

   (a) Be responsible for keeping such custody or control over said records so as to assure that said records are not lost, misplaced, or inadvertently disclosed in violation of the provisions of this Order;

   (b) Not reveal the contents of the records to any person not already subject to the terms of this Order.

   (c) Not reveal or use the contents of the records except for the purposes set forth in Paragraph 2 above; and

   (d) Return promptly to counsel for the disclosing party any copy of such records entrusted to him or her when no longer required by him or her for the purpose set forth in Paragraph 2 above.

      5.      This Protective Order shall in no way affect or impair the right of Plaintiff or Defendant to raise or assert any objection or defense to the use, relevance, or admissibility at trial of the records or any information contained therein.  The records or any information contained therein shall be treated as confidential pursuant to the terms of this Protective Order.  Nothing herein shall prohibit Plaintiff's counsel from seeking an Order requesting that any document or documents subject to this Protective Order be excluded from coverage by this Protective Order.

      6.      After this Action is terminated by the entry of a final and not further-appealable Order, the records and the information contained therein shall not thereafter be disclosed to any third party and shall be returned to the Plaintiff or the Plaintiff's attorney of record.

      7.      This Order is to remain in force until modified by the Court for good cause shown.

**DATED November 18, 2005.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett**
                                        **United States Magistrate Judge**